UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PASCUAL PASCUAL PABLO, et al.,

Petitioners,

v.

JULIO HERNANDEZ, et al.,

Respondents.

CASE NO. 2:26-cv-02504-BAT

**ORDER GRANTING HABEAS PETITION AND DIRECTING RELEASE**

In this 28 U.S.C. § 2241 habeas petition, Petitioners **Pascual Pascual Pablo**, **Franklin Silva Coronado**, and **Fernando Romero Pineda**, all of whom are currently detained at Northwest ICE Processing Center ("NWIPC"), challenge their re-detention by Respondents as unconstitutional. Dkt. 1. This Court has repeatedly recognized that procedural due process does not permit the Department of Homeland Security ("DHS") to re-detain individuals like Petitioners who were previously released from DHS custody—whether under an order of release on recognizance ("OREC") or parole—without first providing adequate written notice and a hearing before a neutral decisionmaker. *See, e.g.*, *Lima Gamez v. Hernandez*, No. 2:26-cv-01104-BAT, 2026 WL 1382362, at *2–*6 (W.D. Wash. May 28, 2026); *Sierra Soto v. Bondi*, No. 2:26-cv-00652-BAT, 2026 WL 972731, at *6–*7 (W.D. Wash. Apr. 10, 2026); *Randhawa v. Noem*, No. 2:26-cv-00461-BAT, 2026 WL 628299, at *2–*3 (W.D. Wash. Mar. 6, 2026); *Lucena-Ojeda v.*

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 1

*Noem*, No. 2:26-cv-00085-BAT, 2026 WL 279353, at *1–*3 (W.D. Wash. Feb. 3, 2026); *Chicoze-Ezechi v. Noem*, No. 2:26-cv-00145-BAT, 2026 WL 265733, at *1–*2 (W.D. Wash. Feb. 2, 2026). The Court therefore **GRANTS** the habeas petition. Respondents must release Petitioners from custody within **TWENTY-FOUR (24) HOURS** of the filing of this Order and file a certification of release within **FORTY-EIGHT (48) HOURS**.

### BACKGROUND

Petitioners are noncitizens who were apprehended by DHS after entering the United States and subsequently released from custody to pursue immigration releases. Petitioners endeavored to fulfill their conditions of release, found employment, raised children, built community ties, and established lives in the United States. *See* Dkt. 1-2 (Pasqual Pablo Decl.); Dkt. 1-3 (Silva Coronado Decl.); Dkt. 1-4 (Romero Pineda Decl.). All Petitioners were subject to DHS's practice of re-detaining previously released individuals without meaningful written notice explaining the basis for revoking their releases, as well as Respondents' practice of re-detaining such individuals without any assessment of their flight risk or danger. Dkt. 6 (Rodriguez Decl.) ¶¶ 8, 14, 27. In fact, Respondents do not allege that any Petitioner violated a condition of release; rather, they contend that under 8 U.S.C. § 1225(b) "the basis for [each Petitioner's] detention [was] the Petitioner's status as an applicant for admission under a new or continuing removal proceeding, not a discretionary judgment[.]" Dkt. 5 at 13.

### DISCUSSION

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 2

illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 8 U.S.C. § 2241(c).

**I.    Due Process**

Petitioners contend that their re-detentions each violated the Due Process Clause of the Fifth Amendment. Due process rights extend "to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Petitioners' interest in freedom from physical confinement is "the most elemental of liberty interests," *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004), and "individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty," *Sierra Soto*, 2026 WL 972731, at *6. This interest attaches regardless of whether an individual is released on OREC or parole. *See, e.g.*, *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) (holding that an individual released on parole "took with him a liberty interest which is entitled to the full protections of the due process clause"); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 1189, 1202 (W.D. Wash. 2025) (weighing first *Mathews* factor in favor of petitioner previously released on OREC, recognizing a "fundamental interest that must be accorded significant weight"); *see also N.I. v. Hermosillo*, 2026 WL 770038, at *2 (W.D. Wash. Mar. 18, 2026) ("Petitioner's mandatory detention under § 1225 does not eliminate his liberty interest"); *Osuna Benitez v. Hermosillo*, 2025 WL 3763932 (W.D. Wash. Dec. 30, 2025) (collecting cases); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1025, 1032-22 (N.D. Cal. 2025) (collecting cases). Petitioners are protected by the Due Process Clause.

The Court evaluates Petitioner's due process claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which the parties agree applies. The Court assesses (1) "the private interest that will

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 3

be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguard" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319 at 335.

### A.  Petitioner Pascual Pascual Pablo

Petitioner Pascual Pascual Pablo is a citizen of Guatemala who fled with his son following kidnapping attempts against his family. Pascual Pablo Decl. ¶ 1. He and his son entered the United States in March 2019 and he was released on an OREC a few days later. *Id.* ¶ 2; Rodriguez Decl. ¶ 6.  Mr. Pascual Pablo attended court hearings for his immigration case occurring in September 2019, November 2019, and January 2020. Rodriguez Decl. ¶ 7; Pascual Pablo Decl. ¶ 8. Due to COVID-19 restrictions, his next court date was scheduled for 2027. Pascual Pablo Decl. ¶ 8. He planned to file an asylum application for himself and his son at the next hearing. *Id.* On May 11, 2026, Enforcement and Removal Operations ("ERO") Salt Lake City arrested Mr. Pascual Pablo following a traffic stop for not having documentation to be in the United States legally. Rodriguez Decl. ¶ 8. His OREC was cancelled and he was eventually transported to NWIPC. *Id.*

Respondents concede under the Court's prior case law, Petitioner was entitled to a pre-deprivation hearing and concede that no such hearing occurred. Respondents argue, however, that because Petitioner was released based on a lack of detention space and because he did not file for an adjustment of status during his seven years in the country, his liberty interest was somehow diminished. The Court rejects Respondents' contentions. First, that the government released Petitioner based in part on a lack of detention space does not undermine the government's contemporaneous conclusion that Mr. Pascual Pablo was neither a flight risk nor a danger to the

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 4

community. The OREC release regulation mandates that "the [noncitizen] must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). Second, although Respondents attempt to diminish Petitioner's liberty interest by noting that he did not file an application for relief in immigration court before he was arrested, they do not contest that Petitioner has never missed a court appearance and that he intended on filing an asylum application during his next scheduled court date in 2027.

The Court finds that all three *Mathews* factors favor Mr. Pascual Pablo. Petitioner retains a substantial liberty interest, the risk of erroneous deprivation of liberty from the lack of a pre-deprivation notice and hearing is extremely high, and no interest in continued civil detention can outweigh his liberty interest. Petitioner Pascual Pascual Pablo shall be immediately released.

### B.  Petitioner Franklin Silva Coronado

Petitioner Franklin Silva Coronado is a citizen of Colombia who faced death threats for assisting police with a murder investigation. Silva Coronado Decl. ¶ 1. He entered the United States in August 2024, was briefly detained, and then was paroled into the country to pursue his immigration case in Salt Lake City. *Id.* ¶ 2; Rodriguez Decl. ¶ 12. Mr. Silva Coronado applied for asylum in July 2025. Silva Coronado Decl. ¶ 5; Rodriguez Decl. ¶ 13. On May 15, 2026, ERO Salt Lake City arrested him following a targeted enforcement operation for not having documentation to be in the United States legally. Rodriguez Decl. ¶ 14. He was eventually transported to NWIPC. *Id.* ¶ 15.

Respondents present conflicting evidence about whether Petitioner was released on parole or subject to an OREC. *Compare* Dkt. 6 ¶ 12 (describing release on parole) & Dkt. 7-6 (I-94 entry record with "DT" code indicating parole) *with* Dkt. 6 ¶ 14 (asserting that ICE "cancelled [his] most

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 5

recent OREC") & Dkt. 7-8, at 2 (memorandum of OREC cancellation). Petitioner's liberty interest is not, however, conditioned upon whether he was released on parole or was subject to an OREC. If it was on OREC, then this Court's precedent has repeatedly reaffirmed the strong liberty interest in additional process prior to re-detention, given that Respondents previously determined Mr. Silva Coronado was not a flight risk or danger. *See e.g.*, *Lima Gamez*, 2026 WL 1382362, at *4. If he was paroled, the I-94 shows his entry was authorized until August 7, 2026, and thus he was re-detained prior to the expiration of parole. *See* Dkt. 7-6 at 2. His detention without process was thus plainly unlawful, even under the government's own regulations. *See, e.g.*, *Fuenmayor Rodriguez v. Noem*, No. 2:26-cv-00673-LK, 2026 WL 799363, at *5 (W.D. Wash. Mar. 23, 2026); *Albornoz v. Hermosillo*, No. 2:25-cv-02713-LK, 2026 WL 444983, at *4 (W.D. Wash. Feb. 17, 2026). Moreover, even if the parole had expired, his liberty interest would not have terminated with the expiration of his parole *See, e.g.*, *Ramirez Tesara*, 800 F. Supp. 3d at 1136 ("Contrary to Respondents' arguments, this private interest did not expire along with Petitioner's parole agreement.").

The Court finds that all three *Mathews* factors favor Mr. Silva Coronado. Petitioner retains a substantial liberty interest, the risk of erroneous deprivation of liberty given the lack of a pre-detention notice or hearing is extremely high, and no interest in continued civil detention can outweigh the liberty interest. Petitioner Franklin Silva Coronado shall be immediately released.

### C.  Petitioner Fernando Romero Pineda

Petitioner Fernando Romero Pineda is a citizen of Honduras who fled from death threats and entered the United States in May 2013. Romero Pineda Decl. ¶¶ 1–2. He was detained until he had his credible fear interview and the Asylum Officer made a positive fear finding. *Id.* ¶ 2; Rodriguez Decl. ¶ 20. In July 2013, Mr. Romero Pineda was released from custody under an OREC. Rodriguez Decl. ¶ 22. In June 2016, the immigration court granted Mr. Romero Pineda

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 6

and DHS's joint motion to administratively close his case. *Id.* ¶ 23. Removal proceedings were eventually re-calendared but then dismissed in July 2022 at DHS's request and with Mr. Romero Pineda's consent. *Id.* ¶ 26. On April 29, 2026, U.S. Border Patrol arrested Mr. Romero Pineda when, in the course of his job, he had stopped his semi-truck at a highway weigh station. *Id.* ¶ 27. He was charged as being removable as a noncitizen without appropriate documentation and eventually was transferred to NWIPC. *Id.* ¶¶ 27–29.

Respondents argue that Mr. Romero Pineda's liberty interest was diminished because his removal proceedings were dismissed and that he was therefore mandatorily detained when arrested in 2026 and then served with a new Notice to Appear for an immigration violation. The Court rejects this contention. In *Lima Gamez*, the Court found "little sense in the proposition that, merely because the government dismissed removal proceedings against [the petitioner] and released him with no restrictions, he is less entitled to procedural protections than would be a petitioner who remains in active removal proceedings and is subject to conditional release." 2026 WL 1382362, at *5; *see also Yu v. Hernandez*, No. 2:26-cv-01372-DGE, 2026 WL 1560581, at *6 (W.D. Wash. May 22, 2026) ("The Court finds no authority for the proposition that the dismissal of [the petitioner's] removal proceedings diminishes his liberty interest."); *Caceres Banegas v. Hermosillo*, No. 2:26-cv-00499-TSZ, 2026 WL 586234, at *1 (W.D. Wash. Mar. 2, 2026) (ordering release of three petitioners with previously-dismissed proceedings); *A.B.J.C. v. Hermosillo*, No. 2:26-cv-00185-JNW, 2026 WL 497097, at *3 (W.D. Wash. Feb. 23, 2026) (holding that regardless of whether the petitioner was still subject to an OREC, the petitioner had a liberty interest where the government "released [him] in 2020, affirmatively moved to dismiss his removal proceedings in 2022, and acquiesced in his continued liberty for six years"). The Court also observed that "Respondents' theory would permit DHS to erase any noncitizen's liberty

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 7

interest and due process protections by moving to dismiss their prior proceedings . . . and filing a new Notice to Appear." *Lima Gamez*, 2026 WL 1382362, at *5 (internal quotation marks and citation omitted). The same analysis applies here, and Mr. Romero Pineda, who has lived in this country since 2013 and operated his own trucking business, has a significant interest in his liberty.

The Court finds that all three *Mathews* factors favor Mr. Romero Pineda. Petitioner retains a substantial liberty interest, the risk of erroneous deprivation of liberty due to a lack of a pre-deprivation notice and hearing is extremely high, and no interest in continued civil detention can outweigh the liberty interest. Petitioner Fernando Romero Pineda shall be immediately released.

## II.      Permanent Injunction

Petitioners request that the Court permanently enjoin their re-detention during their removal proceedings absent written notice and a hearing prior to re-detention at which Respondents must prove by clear and convincing evidence that each petitioner is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks. Dkt. 1 at 22.

A party "seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Petitioners have unquestionably suffered irreparable injury by being detained for months in violation of due process. "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Ortiz v. Hermosillo*, No. 2:26-CV-00384-TL,

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 8

2026 WL 607672, at *6 (W.D. Wash. Mar. 4, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017)). And monetary damages would be inadequate to compensate for a threatened future loss of liberty, as much as for the present loss of liberty. Finally, Petitioners have demonstrated the final two factors (which merge when the government is the opposing party) are satisfied: there is no disservice to the public and no undue hardship created by requiring the government to adhere to constitutional procedures, and the cost of a pre-deprivation hearing is outweighed by the substantial liberty interests at stake.

Respondents have not argued substantively against a permanent injunction. Rather, they argue broadly that that remedy for the absence of a pre-deprivation notice and hearing should be a bond hearing before an immigration judge where the government may present evidence concerning flight risk or danger. Dkt. 5, at 14–15. The Court rejects Respondents' position. As in *Lima Gamez*, "Respondents have given no indication that they intend to stop indiscriminately re-detaining previously released persons without prior notice and opportunity to be heard," notwithstanding the voluminous caselaw in this District and other jurisdictions repeatedly declaring such arrests unlawful. 2026 WL 1382362, at *7; *cf. Ortiz v. Hermosillo*, No. 2:26-cv-00384-TL, 2026 WL 607672, at *5 (W.D. Wash. Mar. 4, 2026) (criticizing Respondents for continuing to engage in re-detentions without notice or an opportunity to be heard, despite district caselaw requiring otherwise). Petitioners face the threat of re-detention without due process, and such relief is warranted on the record. *See Lima Gamez*, 2026 WL 1382362, at *7.

The Court concludes the *eBay* factors are satisfied, and a permanent injunction is warranted. At any pre-deprivation hearing, it is appropriate to require the government to justify re-detention by clear and convincing evidence, given the violation of Petitioners' due process rights and the risk of erroneous deprivation of liberty.

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 9

**CONCLUSION**

1.      The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

2.      Respondents shall **RELEASE** all Petitioners within **24 HOURS** of entry of this order and restore them to the same conditions as those in place prior to Petitioners' re-detention, unless Respondents choose to impose less restrictive conditions; return to them any personal property upon release, including personal identification documents (other than a passport) and employment authorization documents; and file a status report certifying they have been released within **48 HOURS** of entry of this order.

3.      Respondents are **PROHIBITED** from re-detaining Petitioners without adequate notice of intent to re-detain them and the grounds for re-detention, as well as a pre-deprivation hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that each Petitioner is a flight risk or danger to the community. This prohibition does not apply to mandatory detention under 8 U.S.C. § 1226(c).

4.      Petitioners may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute.

DATED this 6th day of August, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 10