UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PASCUAL PASCUAL PABLO, et al.,

Petitioners,

v.

JULIO HERNANDEZ, et al.,

Respondents.

CASE NO. 2:26-cv-02504-BAT

**ORDER GRANTING MOTION FOR EAJA FEES AND COSTS, DKT 25.**

Petitioners move the Court to award attorneys' fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Petitioners seeks an hourly rate of $258.46 for the work of three attorneys in the amount of $4,057.82 and costs in the amount of $5.00 for a total of $4,062.82. Respondents oppose the motion arguing the United States has not waived sovereign immunity, and if the Court awards fees, it should stay enforcement pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, 146 S. Ct. 2789. The Court **GRANTS** Petitioner's request for an award of EAJA fees and costs as follows.

**A. Legal Standards**

The Court sets reasonable attorney fees by the lodestar calculation, which multiplies the reasonable hourly rate by the reasonable number of hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Petitioners are entitled to recover EAJA fees and costs if (1) they are the

prevailing party, (2) the government's position was not "substantially justified" and no special circumstances would make an award unjust, (3) the requested fees and costs are reasonable, and (4) the party filed a timely, supported application. See 28 U.S.C. § 2412(b), (d); *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009).

The government bears the burden to show its position was substantially justified. *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). To meet this burden, the government must show that its position was "justified to a degree that could satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id.* (quoting *Pierce*, 487 U.S. at 565). The Court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." *Id*.

The attorney hourly fee award shall not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The statutory maximum EAJA rate for attorney work performed in 2025 in the Ninth Circuit, factoring in increases in the cost of living, was $258.46. When a court rules on a motion for attorney's fees, the court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

**B. Findings of Fact**

The Court finds the same facts here as set forth in its order granting Petitioners' habeas petition. Dkt. 9. The Court found Petitioners' due process rights were violated and they should be

immediately released in view of the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Respondents have not appealed the order and judgment. Petitioner has timely moved for EAJA fees and costs at the statutory rate.

Respondents oppose any EAJA award. Respondents do not argue Petitioners are not the prevailing party, Respondents' position was substantially justified or that the fee request is unsupported or unreasonable. Rather, Respondents argue EAJA fees should be denied because the United States has not waived sovereign immunity.

**C. Conclusions of Law**

The Court granted the relief Petitioners requested, and they are the prevailing party. 28 U.S.C. § 2412(d)(1)(A). Petitioners' motion for attorney fees at the statutory rate was timely filed. *Id.* §§ 2412(d)(1)(B), 2412(d)(2)(G). Respondents do not argue their position was substantially justified, the EAJA fee requests is unreasonable or unsupported, or that Petitioners are not the prevailing party.

The Court rejects the government's argument sovereign immunity bars an award of authorize EAJA attorney fees in a habeas corpus proceeding challenging immigration detention because such an action is not properly characterized as a civil action but is a hybrid civil and criminal action. The Court adopts and incorporates the reasons set forth in *Sorio v. Hermosillo*, No. 2:25-cv-02492-TL-BAT, 2026 WL 2593571, at *5 (W.D. Wash. Sept. 2, 2026), a decision order finding sovereign immunity does not shield Respondents and finding the EAJA unambiguously includes habeas proceedings that challenge immigrant detention. *See In re Hill*, 775 F.2d 1037, 1040–41 (9th Cir. 1985) (reasoning that an award of fees under the EAJA was not necessarily foreclosed for a habeas petition brought by "a nonresident [noncitizen]" in the immigration context); *see, e.g.*, *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th

418, 428 (3d Cir. 2026) (EAJA authorizes award of attorney's fees to petitioners who prevail against the government in immigration habeas actions); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (same); *Vacchio v. Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005) (same); *cf. Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009) (granting enhanced attorney fees under the EAJA for work on § 2241 habeas petition by noncitizen for release from continued immigration detention).

**D. Stay of Enforcement of EAJA Award**

The government requests that enforcement of any order awarding fees be stayed until the Supreme Court decides *Montoya Palacios v. Liggins*, No. 25-1223, 146 S.Ct. 2789, 2026 WL 1855057 (Mem) (June 29, 2026). The government argues since *Palacios* will address whether the EAJA authorizes fees in immigration detention cases, a stat promotes judicial efficiency and conserves judicial resources on appeal without prejudicing Petitioner, who has already been released. The Court declines to stay enforcement of this Order. The Court finds immunity does not bar the recovery of EAJA fees in habeas actions involving immigration detention and binding Ninth Circuit authority holds EAJA fees may be awarded to a prevailing petitioner in immigration habeas proceeding. *See In re Hill*, 775 F.2d at 1040–41; *cf. Nadarajah v. Holder*, 569 F.3d 906 (noting the government and the immigration habeas petitioner presumed that EAJA fees were available and awarding enhanced fees). Moreover, "[n]ew legal principles, even when applied retroactively, do not apply to cases already closed." *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758 (1995). Under the *Landis* factors referred to in *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005), the Court finds the government suffers no damage in paying EAJA fees as the statute requires, the government does not suffer hardship given its resources and inequity given circuit law that EAJA fees are available in this habeas case, and the orderly

course of justice is achieved by granting the fee request now and resolving the issue. Moreover, the Court of Appeals for the Ninth Circuit in *Ghasedi v. Wamsley*, et al. 2:25-cv-01984-RSM, at Dkt. 26, issued an order on September 25, 2026, denying Respondents' emergency motion to stay the award of EAJA fees pending appeal pending the Supreme Court's decision in *Palacios v. Liggins.* The Court according denies a stay of enforcement of this order.

**CONCLUSION**

The Court **GRANTS** Petitioner's motion for attorney fees and costs, **Dkt. 25** and **ORDERS:**

1. The Court **AWARDS** Petitioner **$4,057.82** in attorney fees.

2. The Court **AWARDS $5.00** in costs.

3. Respondents shall remit EAJA fees and costs payment directly to Petitioner's counsel Northwest Immigrant Rights Project pursuant to Petitioner's assignment of EAJA fees and costs to counsel no later than **January 11, 2027**. *see Astrue v. Ratliff*, 560 U.S. 586, 586 (2010).

4. The judgment is hereby amended to include this award in favor of Petitioner. See Fed. R. Civ. P. 58(a)(3) (separate document not required for an order disposing of a motion for attorney's fees).

DATED this 20th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge